UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | Cr. No. 24-10048 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CRAIG MEDOFF, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    April 10, 2024

For the reasons described in detail at the April 9, 2024 hearing, defendant Craig Medoff's Motion to Recuse the District Judge, pursuant to 28 U.S.C. §455(a) only (the "Motion"), is being denied because a reasonable person could not question my impartiality in this case.

At the hearing defendant's counsel indicated that defendant may appeal this decision. Any appeal may delay the April 29, 2024 date, which has already been delayed once at his request and a second time by the unmeritorious motion to recuse. Therefore, for the benefit of the First Circuit primarily, I am reiterating and amplifying my comments at the conclusion of the hearing.

If defendant wishes to seek immediate appellate review of the denial of the Motion he must seek a writ of mandamus. See, e.g., In re Bulger, 710 F.3d 42, 45 (1st Cir. 2013). "Before the writ will issue, the petitioner must satisfy the burden of showing that

[his] right to issuance of the writ is clear." Id. (citation and internal quotation marks omitted). He must also demonstrate that he will be irreparably harmed if the writ is not issued. Id.

> This standard is difficult to meet, and rightly so. Absent such deferential review, any defendant with a spurious accusation might seek to trigger immediate mandamus review of recusal proceedings that would burden the Government and delay his trial.

Id. at 46 (emphasis added).

As I noted in providing the reasons for denying the Motion, Apr. 9, 2024 Tr. at 46,[1] the First Circuit has written that:

> "[I]n the real world, recusal motions are sometimes driven more by litigation strategy than by ethical concerns.. . . [C]ourts cannot afford to spawn a public perception that lawyers and litigants will benefit by undertaking such machinations." In re Cargill, Inc., 66 F.3d 1256, 1262-63 (1st Cir. 1995).

x x x

> The disqualification decision must reflect not only the need to secure public confidence through proceedings that appear to be impartial, but also, the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking.

In re Allied-Signal Inc., 891 F.2d 967, 970 (1st Cir. 1989) (emphasis in original).

As I said at the hearing:

> I admire zealous advocacy.. . . [However] this motion to recuse appears to me to be frivolous. It appears to me to be an effort to . . . further delay the trial. It is, in my view—and I'm not the ultimate arbiter if there's an appeal—[] an

---

[1] The court is quoting a draft transcript and is estimating what the page numbers will be in the final transcript.

> effort to manipulate the system for strategic purposes,
> perhaps to obtain another judge who would have to do a great
> deal of work to prepare and . . . at a minimum, to further
> delay this matter.

Apr. 9, 2024 Tr. at 53. Defendant's counsel denied that the Motion

was filed in the hope of getting another judge, but acknowledged

that "maybe" it was filed to obtain "righteous delay." Id. at 59.

Accordingly, if defendant seeks a writ of mandamus, I believe

that the interests of justice would be served if the First Circuit

could decide it promptly enough to allow trial to proceed without

further delay on April 29, 2024, if the defendant has not shown

that his "right to issuance of the writ is clear and indisputable."

In re Bulger, 710 F.3d at 45.

In view of the foregoing, it is hereby ORDERED that:

(1)   The Motion (Dkt. No. 24) is DENIED.

(2)   If defendant petitions for a writ of mandamus, the Clerk

shall provide this Order to the First Circuit for its consideration

in deciding whether or not to grant the writ.

(3)   The parties shall order an expedited transcript of the

April 9, 2024 hearing.

UNITED STATES DISTRICT JUDGE

3