UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | Cr. No. 24-10048 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CRAIG MEDOFF, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                          April 17, 2024

On April 16, 2024, without leave of court, the government and defendant Craig Medoff did not make the filings required by the April 10, 2024 Pretrial Order. Rather, they filed an Emergency Motion for a Rule 11 Hearing (Dkt. No. 46)[1] and a binding Fed. R. Crim. P. 11(c)(1)(C) plea agreement which would, if accepted, require the court to impose a 0-3 month sentence. For the reasons explained in this Memorandum, the motion is being denied and the plea agreement is being rejected.

I.   BACKGROUND

At a hearing on February 9, 2024, the court stated its intent to institute criminal contempt proceedings against defendant Craig Medoff for violating certain provisions of the injunction that was included in the May 25, 2016 Final Judgment, to which Medoff

---

[1] Unless otherwise specified, all docket entry citations in this Memorandum refer to Crim. No. 24-10048.

consented, in <u>Securities and Exchange Commission v. Biochemics,</u>
<u>Inc. et al.</u>, Civ. No. 12-12324. In doing so, the court explained
that the violations, which Medoff had essentially admitted:

> are very serious. I don't think in my 39 years as a judge
> I've confronted such flagrant, repeated, now-alleged
> violations of a court order. And it's necessary that, if
> admitted or proven, that it be appropriately punished to
> promote respect for the law, to deter Mr. Medoff and perhaps
> send a message to others.
>
> Because a sentence of six months could be necessary under the
> sentencing guidelines . . . Mr. Medoff will be entitled to a
> jury trial.

Feb. 9, 2024 Hr'g Tr. 23:15-24, Civ. No. 12-12324 (Dkt. No. 799).

On February 12, 2024, the court issued a Memorandum and Order
charging Medoff with criminal contempt. <u>See</u> Civ. No. 12-12324,
Dkt. No. 789. In it the court again stated that "[b]ecause a
sentence of more than six months in prison might be necessary to
serve the purposes of sentencing, Medoff is entitled to a jury
trial." <u>Id.</u> at 7 (hyphen omitted) (citing <u>Codispoti v.</u>
<u>Pennsylvania</u>, 418 U.S. 506, 512, 516-17 (1974); Fed. R. Crim. P.
42(a)(3)). The court ordered that trial would begin on April 1,
2024. <u>Id.</u> The court also issued a Pretrial Order setting deadlines
for certain events leading up to the April 1, 2024 trial. <u>See</u> Dkt.
No. 7.

On February 21, 2024, the court allowed Medoff's counsel to
withdraw and appointed Peter Horstmann to serve as Criminal Justice
Act counsel for Medoff. <u>See</u> Dkt. No. 5. On February 29, 2024, the

2

court allowed Mr. Horstmann's assented-to motion to continue the
April 1, 2024 trial and provided the parties the opportunity they
requested to attempt to reach a proposed resolution of this case.
See Dkt. No. 18.

In response to that Order, Mr. Horstmann stated that Medoff
might file a motion to disqualify this court. See Dkt. No. 20. On
March 14, 2024, the court ordered that Mr. Horstmann file any such
motion by March 20, 2024, and stated its intention to begin trial
on April 22, 2024 if the motion to disqualify was not allowed. See
Dkt. No. 22. On March 20, 2024, the parties filed an assented-to
motion to continue the trial date until September 2024, see Dkt.
No. 25, which the court denied, see Dkt. No. 27.

On March 20, 2024, Mr. Horstmann filed Medoff's motion to
recuse. See Dkt. No. 24. The government did not oppose that motion.
See Dkt. No. 29. Rather, in its two-page response it took no
position on the merits of it. See id.

At an April 9, 2024 hearing, the court heard argument on the
motion to recuse and explained in detail its reasoning for denying
it. See Dkt. No. 43. In doing so, the court stated that:

> This motion to recuse appears to me to be frivolous. It
> appears to me to be an effort to . . . further delay the
> trial. It is, in my view -- and I'm not the ultimate arbiter
> if there's an appeal [] -- an effort to manipulate the system
> for strategic purposes, perhaps to obtain another judge who
> would have to do a great deal of work to prepare and, as I
> say, at a minimum, to further delay this matter.

3

Apr. 9, 2024 Hr'g Tr. 56:4-10 (Dkt. No. 47). While Mr. Horstmann denied he was shopping for a better judge, he acknowledged that the motion was filed for "[m]aybe righteous delay." Id. 62:1-5.

The court also expressed concern about the government's reasoning in declining to take a position on the motion to recuse. It told the prosecutor that "it causes me to doubt whether your office has the intention to properly prosecute this case." Id. 8:21-22; see also id. at 56.

At the April 9, 2024 hearing, the court postponed the April 22, 2024 date to begin trial to April 29, 2024 to provide Mr. Horstmann more time to prepare, and set deadlines for pretrial events. See id. at 53, 59-60.

On April 10, 2024, the court issued an Order denying the motion to recuse. Dkt. No. 45. Because it was relevant to a possible petition for a writ of mandamus, the court quoted its previous statement that "the motion to recuse appears to me to be frivolous. It appears to me to be an effort to . . . further delay the trial." Id. at 2. The court also noted that at the April 9, 2024 hearing Mr. Horstmann stated that "'maybe' it was filed 'to obtain righteous delay.'" Id. at 3.

On April 10, 2024, this court also issued a Pretrial Order memorializing the deadlines established at the April 9, 2024 hearing. Dkt. No. 44. Among other things, the parties were ordered to file, by April 16, 2024, proposed voir dire questions, jury

instructions, and motions in limine with supporting memoranda. Id. ¶3. The government was also ordered to file a trial brief. Id.

The parties did not make the required filings on April 16, 2024. Instead they filed the Emergency Motion for a Rule 11 hearing and the binding Federal Rule of Criminal Procedure 11(a)(1)(C) plea agreement which, if accepted, would require the court to impose a sentence of 0 to 3 months incarceration and 12 months of supervised release. See Dkt. Nos. 46, 46-1.

II.  DISCUSSION

With regard to Rule 11(c)(1)(C) binding plea agreements, the Supreme Court has instructed that:

> In deciding whether to accept an agreement that includes a specific sentence, the district court must consider the Sentencing Guidelines. The court may not accept the agreement unless the court is satisfied that "(1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity." United States Sentencing Commission, Guidelines Manual §6B1.2(c) (Nov. 2016) (USSG).

Hughes v. United States, 138 S.Ct. 1765, 1773 (2018).

With regard to the applicable Guidelines range, in their plea agreement the parties may have calculated Medoff's Total Offense Level correctly as 8. See Dkt. No. 46-1 ¶4. However, it appears that his Criminal History Category is at least II because he was in custody for a sentence--14 months--that exceeded one year and one month within 15 years of the alleged criminal conduct in this case. This sentence is assigned three Criminal History points. See

5

U.S.S.G. §4A1.1(a) & A.N. 1, §4A1.2(k). Therefore, Medoff is at least in Criminal History Category II.[2] The Guidelines range for an individual with a Total Offense Level of 8 and a Criminal History Category of II is 4-10 months imprisonment. Accordingly, the binding plea agreement would, if accepted, require a downward departure.

As explained earlier, the court repeatedly informed the parties that it was ordering a jury trial because a six-month sentence might not be sufficient if Medoff is convicted. They should have foreseen that the court would not now accept a guilty plea and as is common practice, pursuant to Fed. R. Crim. P. 11(c)(3)(A), defer until sentencing deciding whether to accept the binding plea agreement because the court would likely then reject the binding plea agreement. If the court did reject the plea agreement at sentencing, Medoff would, pursuant to Rule 11(c)(5)(B), be entitled to withdraw his plea, thus obtaining the lengthy postponement of his trial that he has repeatedly sought unsuccessfully.

---

[2] Medoff's February 28, 2024 Pretrial Services Report includes a 1992 conviction which is too old to contribute to his Criminal History Score and other criminal cases, the disposition of which are "unknown."

Medoff and the government should, in any event, have made the required filings on April 16, 2024, or at least before that date requested leave of court to be excused from doing so.

In view of the foregoing, the parties' Emergency Motion for a Rule 11 Hearing "at the earliest opportunity" is being denied and, pursuant to Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is being rejected.[3]

If Medoff is convicted or decides to plead guilty without a Rule 11(c)(1)(C) binding plea agreement, the court will order the preparation of a Presentence Report, receive sentencing memoranda, conduct a sentencing hearing, and decide what sentence is sufficient and no more than necessary, as required by 18 U.S.C. §3553(a). That sentence could be in the 0-to-3-month range or less than 6 months. It could be higher. However, the court is not now willing to commit to giving a sentence of less than 6 months if Medoff is found guilty or to postpone the trial again.

As the parties, without seeking leave of court, failed to make the required filings on April 16, 2024, the court is giving them until April 18, 2024 to do so.

---

[3] If the parties, by April 22, 2024, file a renewed motion for a Rule 11 hearing based on their binding plea agreement, with a memorandum providing persuasive authority for any contention that the agreement can only be rejected at a Rule 11 hearing, the court will conduct such a hearing in connection with the previously scheduled April 26, 2024 pretrial hearing.

III. ORDER

Accordingly, it is hereby ORDERED that:

1. The Emergency Motion for a Rule 11 Hearing at the earliest opportunity (Dkt. No. 46) is DENIED.

2. The parties' Federal Rule of Criminal Procedure 11(c)(1)(C) binding plea agreement which would, if accepted, require a 0-to-3-month sentence of incarceration (Dkt. No. 46-1) is REJECTED.

3. The parties shall, by April 18, 2024, make the filings required by paragraph 3 of the April 10, 2024 Pretrial Order. No further extension will be granted. All other deadlines in that Pretrial Order remain in effect.

4. If Medoff wishes to enter a guilty plea which is not pursuant to a Rule 11(c)(1)(C) agreement, he shall, by April 22, 2024, inform the court in order to spare counsel the time and expense of preparing further for trial and spare potential jurors from being ordered to appear for trial on April 29, 2024 unnecessarily.


UNITED STATES DISTRICT JUDGE