UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES                    )          Cr. No. 24-10048
                                 )
                                 )
        v.                       )
                                 )
                                 )
CRAIG MEDOFF,                    )
        Defendant.               )
                                 )
                                 )
                                 )

MEMORANDUM AND ORDER

WOLF, D.J.                                         April 23, 2024

     This Memorandum addresses the parties' responses to the
Pretrial Order, reschedules the Pretrial Conference for April
29, 2024, at 2:00 p.m., and reschedules trial to begin on May
20, 2024, at 9:00 a.m.

     I.   SEQUESTRATION OF WITNESSES

     Defendant Craig Medoff's Motion to Sequester Witnesses
(Dkt. No. 56)[1] is hereby ALLOWED.  A Sequestration Order is being
issued.

     II.  DEFENDANT'S MOTION IN LIMINE

     Medoff has moved in limine, pursuant to Federal Rule of
Evidence 404(b), to exclude evidence from civil and criminal
cases that preceded Securities and Exchange Commission v.

---

[1] Unless otherwise noted, all docket citations in this Memorandum
and Order refer to Crim. No. 24-10048. All docket citations to
the civil case preceding this criminal case, Securities and
Exchange Commission v. Biochemics, Inc., et al., include the
civil case's docket number: Civ. No. 12-12324.

Biochemics, Inc., et al., Civ. No. 12-12324-MLW, in which the injunction that Medoff is alleged to have violated was issued. See Dkt. No. 50. The government does not oppose the exclusion of evidence of Medoff's actual or alleged failure to comply with court orders in prior cases, but asserts it should be permitted to elicit testimony regarding Medoff's failure to pay the civil penalty and disgorgement required by the 2016 Final Judgment that includes the injunction. See Dkt. No. 59.

The court finds that the evidence the government seeks to introduce is intrinsic to the crime alleged in this case and, therefore, not subject to Rule 404(b) analysis. See United States v. Souza, 749 F.3d 74, 84 (1st Cir. 2014) (evidence of funds' source was part of the necessary description of events leading up to structuring in a money laundering case). Moreover, as the government argues, even if the evidence the government seeks to introduce were deemed evidence of an uncharged crime or "other acts," it would be admissible under Rule 404(b) because it is relevant to the issues of knowledge, intent, and absence of mistake or accident, and it is not excludable under Federal Rule of Evidence 403 because its probative value is not substantially outweighed by the risk of unfair prejudice. See United States v. Varoudakis, 233 F.3d 113, 118-19, 121-22 (1st Cir. 2000); United States v. Green, 698 F.3d 48, 53 (1st Cir. 2012).

2

The government also states that at trial the defendant may "open the door" to the evidence of his prior bad acts he now seeks to exclude and the government does not propose be introduced. Therefore, it "reserves the right" to seek to introduce evidence relating to other cases against Medoff "based on any new information regarding the defendant's intended defense(s) and any evidence that the defendant may seek to admit at trial." Dkt. No. 54 at 2-3. If the evidence at trial causes the government to propose to introduce evidence subject to the motion in limine, it shall promptly inform Medoff and the court. The court will then decide if the evidence is admissible under Rule 404(b) and, if so, whether it should nevertheless be excluded pursuant to Rule 403. See, e.g., Varoudakis, 233 F.3d at 118-20; United States v. Garcia-Sierra, 994 F.3d 17, 29 (1st Cir. 2021).

III. DEFENDANT'S MOTION TO DISMISS OR SUPPRESS

A. On April 19, 2024,[2] a day after the April 18, 2024 extended deadline for filing motions in limine (Dkt. No. 49), Medoff filed what he captioned as a Motion in Limine, but is actually a motion to dismiss this case or to suppress statements

---

[2] The Motion was filed electronically at about 8:00 p.m. on April 18, 2024. "All electronic transmissions of documents must be completed prior to 6:00 p.m. to be considered timely filed that day." Rule 5.4(d) of the Local Rules of the United States District Court for the District of Massachusetts. Therefore, the Motion is deemed filed on April 19, 2024.

made by Medoff--a motion which could and should have been filed
much earlier (the "Motion"; Dkt. No. 57). The Motion is not
meritorious and is being denied.

Medoff contends that the doctrine of promissory estoppel
requires a finding that he cannot be prosecuted for criminal
contempt because of statements the court made in connection with
the Securities and Exchange Commission's ("SEC") motion for
civil contempt which led to this case. As the conduct at issue
occurred in Massachusetts, it is most appropriate to apply the
law of Massachusetts concerning estoppel. Cf. Allen v. McCurry,
449 U.S. 90, 96 (1980); Kowalski v. Gagne, 914 F.2d 299, 302
(1st Cir. 1990). Under Massachusetts law, "[c]ircumstances that
may give rise to an estoppel are (1) a representation intended
to induce reliance on the part of a person to whom the
representation is made; (2) an act or omission by that person in
reasonable reliance on the representation; and (3) detriment as
a consequence of the act or omission." Sullivan v. Chief Just.
for Admin. & Mgmt. of Trial Ct., 858 N.E.2d 699, 711 (Mass.
2006).

As the First Circuit noted in a case involving New
Hampshire law, the Restatement (Second) of Contracts §90 (1981)
states that "'[a] promise which the promisor should reasonably
expect to induce action or forbearance on the part of the
promisee or a third person and which does induce such action or

forbearance is binding if injustice can be avoided only by enforcement of the promise.'" <u>Rockwood v. SKF USA Inc.</u>, 687 F.3d 1, 10 (1st Cir. 2012) (brackets in original) (quoting Restatement (Second) of Contracts §90 (1981)).

As the evidence cited below demonstrates, Medoff's promissory estoppel claim fails under both Massachusetts law and the slightly different iteration of the standard in the Restatement.

Local Rule 7.1(b)(1) states that "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion." Medoff's current counsel Peter Horstmann filed an affidavit in support of the Motion which quotes some statements made by the court in the SEC's civil case. He claims that a reasonable interpretation of them is that the court was "<u>intimating</u> that if Medoff cooperated with the SEC, the Court would forego a criminal contempt proceeding," and that Medoff "complied with the Court's suggestion and, indeed, waived any 5th Amendment rights he may have had by sitting for a deposition." Dkt. No. 57-1 ¶¶5, 6 (emphasis added).

In the Motion, Mr. Horstmann acknowledges that "the district judge apparently did not intend to induce reliance as a pathway for avoiding criminal contempt." Motion at 5. Under Massachusetts law, this alone would be fatal to Medoff's claim

that the pending prosecution is barred by promissory estoppel. See _Sullivan_, 858 N.E.2d at 711.

No affidavit from Medoff has been submitted. There is, therefore, no evidence that Medoff himself claims to have been misled by anything that the court said or wrote in the prior proceedings.[3] His failure to file such an affidavit is unlikely to be the result of an inadvertent error by his experienced counsel. Rather, it may reflect a recognition that there would be a risk that Medoff might be prosecuted for perjury if he made such a claim under oath.

As explained at the April 9, 2024 hearing at which the motion to disqualify this court was denied and deemed frivolous, see Dkt. No. 47 at 19-21, 33-43, the court granted repeated requests by Medoff and his attorney in the civil case, Laura Kirshenbaum, to provide time for him to cooperate with the SEC in an effort to reach an agreement to resolve its request that he be held in civil contempt. However, the court repeatedly and consistently stated that doing so was without prejudice to its right to institute criminal contempt proceedings, which from the outset the court stated it was inclined to do. See Dkt. No. 1 at 3.

---

[3] Nor has Medoff's attorney in the SEC's case seeking civil contempt, Laura Kirshenbaum, filed an affidavit claiming that she or Medoff were misled.

More specifically, in response to the SEC's motion for civil contempt, the court in its first Order stated that an order for civil contempt might be futile and, therefore, it was scheduling a hearing to address whether it "should initiate civil or criminal contempt proceedings." Oct. 13, 2023 Mem. & Order, Civ. No. 12-12324, at 3 (Dkt. No. 741). Medoff declined the court's offer to appoint Criminal Justice Act counsel for him if he could not afford to retain an attorney. See id. Instead, Medoff appeared pro se at an October 23, 2023 hearing. See Oct. 23, 2023 Hr'g Tr., Civ. No. 12-12324, at 6:15-21 (Dkt. No. 759). The court informed Medoff that he had a Fifth Amendment right not to say anything that might tend to incriminate him, and that anything he said might be used against him. Id. 8:25-9:14. Medoff requested time to retain an attorney and to try to resolve the SEC's motion for civil contempt. The court granted that request and stated that if it were to make a decision that day, it "would initiate criminal contempt proceedings." Id. 24:21-23.

In its October 27, 2023 Order, the court wrote that:

At the conclusion of the October 23, 2023 hearing the court expressed its intention to institute criminal contempt proceedings against defendant Craig Medoff . . . .

It remains the court's present intention to commence criminal contempt proceedings against Medoff.

Oct. 27, 2023 Order, Civ. No. 12-12324, at 1, 2 (Dkt. No. 758).

In a November 16, 2023 Joint Status Report, the parties reported that they had reached an agreement to resolve the SEC's motion for civil contempt. The agreement was contingent on Medoff providing "all of the referenced information and documentation." Nov. 16, 2023 Joint Status Report, Civ. No. 12-12324, at 1 (Dkt. No. 761).

In response, the court issued an Order stating that:

> As the parties evidently recognize, any such agreement would not limit the court's authority to initiate criminal contempt proceedings . . . as discussed in the October 13, 2023 Order . . . and at the October 2[3], 2023 hearing."
>
> [T]he parties shall file jointly a proposed order implementing their agreement. The proposed order shall include a provision stating that it is without prejudice to the court's authority to initiate criminal contempt proceedings for any possible violation of prior orders and/or the proposed order.

Nov. 22, 2023 Order, Civ. No. 12-12324, at 1, 2 (Dkt. No. 762).

The parties' proposed Order included the language required by the court, stating that, "[e]ntry of this Order is without prejudice to the Court's authority to initiate criminal contempt proceedings for any possible violation by Medoff of prior orders of the Court and/or this Order." Proposed Order, Civ. No. 12-12324, at 3 (Dkt. No. 764-1); Order, Civ. No. 12-12324, at 3 (Dkt. No. 767).

On December 1, 2023, the court conducted a hearing concerning the proposed Order, which, among other things, required Medoff to provide a comprehensive accounting of his

assets and those of Nova Capital International LLC ("Nova"), an
investment advisor the SEC alleged he was working with in
violation of the 2016 Final Judgment's injunction. At that
hearing, the court stated:

> As I directed, [the proposed Order] states that entry of
> this order is without prejudice to the Court's authority to
> initiate criminal contempt proceedings for any possible
> violation of defendant Craig Medoff's prior orders of the
> Court and/or this order.
>
> As the First Circuit has explained, civil and criminal
> contempts are for different purposes.  Civil contempt is
> used to coerce compliance with an order of the Court.
> Criminal contempt is used to punish disobedience of a Court
> Order and vindicate the authority of the Court.
>
> There can be simultaneous or sequential civil or criminal
> contempt proceedings, as the First Circuit discussed in
> [United States v. Marquardo, 149 F.3d 36, 39, 41 (1st Cir.
> 1998)].
>
> I've previously expressed an inclination to institute
> criminal contempt proceedings, but I remain open-minded
> regarding whether that's appropriate.

Dec. 1, 2023 Hr'g Tr., Civ. No. 12-12324, at 5:3-17 (Dkt. No.
770).

***   ***   ***

> As discussed at the October 23rd, 2023 [hearing], anything
> said by or on behalf of the defendant could be used against
> him if there's a criminal proceeding. . ..

Id. 6:6-10.

***   ***   ***

> I will defer deciding whether to institute criminal
> contempt proceedings. . ..

Id. 40:6-10.

9

The court did remain open-minded. The information the SEC received from Medoff in discovery could have persuaded the court that instituting criminal contempt proceedings was not necessary or appropriate. Moreover, the court believed that Medoff and his counsel had reasonably concluded that if Medoff was charged with criminal contempt and convicted, his cooperation might be a mitigating factor at sentencing.

However, as the court wrote in the February 12, 2024 Order:

> After discovery was complete, on February 5, 2024, the SEC filed a Status Report (Dkt. No. 781), supplementing earlier reports. In essence, the SEC reported that Medoff had since 2016 controlled Nova and, through it, engaged in the offering and sale of securities in violation of ¶V of the 2016 Final Judgment. Because an internet search would have revealed Medoff's criminal history and injunctions against him, Medoff used the alias "Alexander Carlin" in connection with his work with Nova. The SEC estimates that approximately $1,800,000 was received by Nova in violation of the 2016 Final Judgment and that the net benefit to Medoff was approximately $1,675,000.

Feb. 12, 2024 Mem. & Order, Civ. No. 12-12324, at 3 (Dkt. No. 786). This information reinforced rather than altered the court's view that criminal contempt proceedings were justified. Therefore, the court initiated this case and scheduled trial to begin on April 1, 2024. Id. at 7-8.

On February 12, 2024, the court allowed Ms. Kirshenbaum to withdraw as Medoff's counsel and appointed Mr. Horstmann to represent him. At Medoff's request, the court has twice granted continuances of the date for trial, most recently on April 9,

2024, as a result of the frivolous motion to recuse that Mr. Horstmann filed instead of submitting this motion to dismiss, which he first discussed doing in a March 20, 2024 submission. See Dkt. No. 25 at 2.

As explained earlier, Medoff acknowledges that the court "did not intend to induce reliance as a pathway for avoiding criminal contempt." Motion at 5. In addition, he has not provided any evidence that he actually relied to his detriment on anything the court said. Therefore, his promissory estoppel claim is unmeritorious under Massachusetts law. See Sullivan, 858 N.E.2d at 711; see also Pirela v. Horn, 710 Fed. App'x 66, 77-78 (3rd Cir. 2017) (lack of evidence that petitioner altered his conduct based on judge's statement defeats claim of promissory estoppel); United States v. Enciso-Montero, 1991 WL 66279, at *1 (9th Cir. Apr. 30, 1991) (no estoppel because appellant did not show that he relied to his detriment on the Immigration Judge's conduct).[4]

Moreover, Medoff's claim is also unmeritorious under the formulation of promissory estoppel in the Restatement (Second) of Contracts §90 (1981), which provides that "[a] promise which the promisor should reasonably expect to induce action or

---

[4] Pirela and Enciso-Montero are the two cases on which Medoff relies. See Motion at 5-6. Medoff does not cite any case in which a party prevailed on a claim of estoppel based on a judge's conduct.

forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." In view of the court's repeated statements that it was inclined to institute criminal contempt proceedings and reserved the right to do so, no reasonable factfinder could conclude that the court should have expected that Medoff would be misled to his detriment. Moreover, again, there is no evidence that he was.

B. Medoff also asserts that statements he made in his affidavit and deposition should be suppressed because they were not voluntary. This claim too is unmeritorious.

This court discussed in detail the standards for determining whether a statement or confession is voluntary in United States v. Gonzalez, 719 F.Supp.2d 167, 170-73 (D. Mass. 2010). The key question is whether Medoff's decision to file an affidavit and provide deposition testimony that essentially admitted the offense now charged was knowing, intelligent, and voluntary. See Colorado v. Connolly, 479 U.S. 157, 168 (1986).

In the SEC's civil case, the court told Medoff at the first hearing that he had a right to remain silent and that anything he said could be used against him in a criminal case. Medoff was subsequently represented by Ms. Kirshenbaum, the attorney he had retained when he made the statements he now seeks to suppress. He was not in custody and had ample opportunity to discuss his

choices with her. There is no evidence that Medoff did not understand his right to remain silent.

A reasonable fact finder could not conclude that the court coerced Medoff into making the statements he seeks to suppress. As indicated earlier, Medoff and his attorney evidently reasonably decided that the best strategy was to provide discovery in the hope that the court would alter its inclination to institute criminal contempt proceedings and, in any event, that his cooperation would provide a persuasive argument for a lesser sentence if he were ever convicted of contempt.

Medoff and his new attorney may now regret that decision. However, Medoff made it knowingly, intelligently, and voluntarily with the advice of capable counsel.

C. Medoff requests a hearing on the Motion. The court finds that a hearing is not necessary.

As explained earlier, Medoff first indicated on March 12, 2024, that he would file a motion to dismiss based on promissory estoppel. See Dkt. No. 20. He did not. Rather, on March 20, 2024, he filed a motion to recuse which, after a hearing on April 9, 2024, the court found to be frivolous and filed in order to delay the April 22, 2024 trial. See Apr. 9, 2024 Hr'g Tr. at 56 (Dkt. No. 47). Indeed, Mr. Horstmann acknowledged that the motion to recuse was "maybe" filed to obtain "righteous delay." Id. at 62; Apr. 10, 2024 Order at 3.

The Motion and request for a hearing were not filed until
April 19, 2024. The court finds that this Motion too is
frivolous. There are not material disputed facts that testimony
might contribute to resolving. Argument would only consume
precious judicial time.

Therefore, it is hereby ORDERED that the Motion (Dkt. No.
57), including the request for a hearing, is DENIED.

IV.  GOVERNMENT'S SUMMARY WITNESS

In its Trial Brief the government states that an "SEC
witness may [] summarize information contained in financial and
other records, certain of which were used as exhibits in
connection with the defendant's deposition." Dkt. No. 54 at 2.
In addition, the government states that it "may also call a
summary witness to introduce other statements made by the
defendant." Id. At the Pretrial Conference the court will seek
assurance that any summary, whether written or oral, satisfies
the requirements of Federal Rule of Evidence 1006. See, e.g.,
United States v. Joseph, 709 F.3d 1082, 1100-01 (11th Cir.
2013).

V.  RESCHEDULING

Medoff has repeatedly requested a continuance of the trial
date to provide more time to prepare and the government joined
in at least his first request. The court has today been
scheduled for urgent oral surgery on May 2, 2024.

As a trial commencing as scheduled on April 29, 2024 may not be concluded by May 1, 2024, it is hereby ORDERED that the April 26, 2024 Pretrial Conference shall be held instead on April 29, 2024, at 2:00 p.m., and trial shall begin on May 20, 2024, at 9:00 a.m. All deadlines in the Pretrial Order (Dkt. No. 44) remain in effect. No additional motions shall be filed without leave of court.

In addition, it is further ORDERED that, by April 25, 2024, the parties shall give the Deputy Clerk two copies of the exhibits they intend to offer in their case-in-chief, their exhibit list, and the Jencks statements of their witnesses if they have agreed to exchange such statements. These documents will be for the court's use and will not be docketed.

UNITED STATES DISTRICT JUDGE

15