UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | Cr. No. 24-10048 |
| | ) | |
| v. | ) | |
| | ) | |
| CRAIG MEDOFF, | ) | |
|     Defendant. | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                                  April 26, 2024

At the hearing on April 9, 2024, the court orally denied defendant Craig Medoff's Motion to Recuse. See Apr. 9, 2024 Hr'g Tr. at 33-56 (Dkt. No. 47).[1] On April 10, 2024, the court issued a written Order memorializing that decision and explaining the standards applicable to a writ of mandamus, the means of seeking appellate review of the denial of the Motion to Recuse. See Dkt. No. 45. On April 23, 2024, Medoff filed a notice of appeal. See Dkt. No. 60. However, his counsel subsequently told the court's Deputy Clerk that the First Circuit instructed him that it was unnecessary to file a notice of appeal prior to petitioning for a writ of mandamus.

---

[1] Unless otherwise noted, all docket citations in this Memorandum and Order refer to Crim. No. 24-10048. All docket citations to the civil case preceding this criminal case, Securities and Exchange Commission v. Biochemics, Inc., et al., include the civil case's docket number: Civ. No. 12-12324.

A petition for a writ of mandamus has not been filed. In any event, if such a petition were filed this court would retain jurisdiction to continue to prepare for trial beginning on May 20, 2024. See Kellogg v. Watts Guerra LLP, 41 F.4th 1246, 1259 (10th Cir. 2022), cert. denied, 143 S.Ct. 1022 (2023); Nascimento v. Dummer, 508 F.3d 905, 910 (9th Cir. 2007); Ellis v. U.S. Dist. Court, W. Dist. Of Wash. (Tacoma), 360 F.3d 1022, 1023 (9th Cir. 2004) (en banc); Woodson v. Surgitek, Inc., 57 F.3d 1406, 1415 (5th Cir. 1995); Clark v. Taylor, 627 F.2d 284, 288 (D.C. Cir. 1980). Therefore, the pretrial conference will be held as previously scheduled on April 29, 2024, at 2:00 p.m. It is hereby ORDERED that Medoff attend.

The parties shall be prepared to address at that hearing whether Medoff's conditions of release should be modified to include drug testing and, if appropriate, drug treatment. At an October 23, 2023 hearing, Medoff stated that he was a drug addict, had been incarcerated for violating conditions of his probation for using drugs, and had been in 12 in-patient rehabs and 6 out-patient rehabs. See Oct. 23, 2023 Hr'g Tr., Civ. No. 12-cv-12324, at 11-12 (Dkt. No. 759). His February 28, 2024 Pretrial Services Report indicates that Medoff also provided this information concerning drug use to Probation, added that he still attends AA/NA meetings 2 to 3 times per week, and that he last used drugs in 2019, his longest period of sobriety ever.

Medoff's appearance and conduct at the April 9, 2024 hearing cause the court to be concerned that he is again using drugs illegally. Therefore, the court is providing the parties notice and an opportunity to be heard on whether Medoff's conditions of release should be modified to include drug testing and, if appropriate, drug treatment.

                                                          UNITED STATES DISTRICT JUDGE