

U.S. Department of Justice

**Joshua S. Levy**
*Acting United States Attorney*
*District of Massachusetts*

_____

*Main Reception: (617) 748-3100*  *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 26, 2024

Peter Charles Horstmann, Esq.
450 Lexington Street, Suite 101
Newton, MA 02466

      Re:    United States v. Craig Medoff
              Criminal No. 24-10048-MLW

Dear Counsel:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Craig Medoff ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

    1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant will plead guilty to one count of criminal contempt, in violation of 18 U.S.C. § 401, as charged in the Court's order of February 12, 2024 (Dkt. 1). Defendant admits that Defendant committed the crime specified in the Court's order and is in fact guilty of that crime. Defendant agrees that, in the event Defendant moves to withdraw Defendant's guilty plea or otherwise breaches this Plea Agreement, the attached sworn Declaration will be admissible against Defendant in any subsequent prosecution of 18 U.S.C. § 401.

    2.    <u>Penalties</u>

Defendant faces a maximum penalty of life imprisonment.

    3.    <u>Rule 11(c)(1)(C) Plea</u>

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculation, that Defendant's total "offense level" under the Guidelines is 8:

   a) Defendant's base offense level is 6 (USSG §§ 2J1.1, 2X5.1, 2B1.1(a)(2));

   b) Defendant's offense level is increased to 10, because the offense involved violation of a prior judicial order (USSG § 2B1.1(b)(9)(C)); and

   c) Defendant's offense level is decreased by 2, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. <u>Agreed Disposition</u>

The parties agree on the following sentence:

   a) incarceration for a term between 4 and 10 months;

   b) 36 months of supervised release; and

   c) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing.

The U.S. Attorney agrees to recommend incarceration for 4 months.

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charge specified in Paragraph 1 of this Agreement.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release, or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*      \*      \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Leslie A. Wright.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By: _____
STEPHEN E. FRANK
Chief
Securities, Financial & Cyber Fraud Unit

SETH B. KOSTO
Deputy Chief
Securities, Financial & Cyber Fraud Unit

_____
LESLIE A. WRIGHT
CHRISTOPHER J. MARKHAM
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and the attached Declaration and discussed those documents with my attorney. The letter and Declaration accurately present my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I previously entered into an agreement with the United States Attorney's Office via letter dated April 16, 2024, which the Court rejected pursuant to Federal Rule of Criminal Procedure 11(c)(3)(A).

I understand the crime I am pleading guilty to, and the maximum penalty for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement and signed the attached Declaration freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

*Craig Medoff*
Craig Medoff
Defendant

Date: April 26, 2024

I certify that Craig Medoff has read this Agreement and the attached Declaration and that we have discussed what those documents mean. I believe Craig Medoff understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also believe Craig Medoff understands the attached Declaration and is signing it freely, voluntarily, and knowingly. I also certify that, in addition to this offer, the U.S. Attorney extended an offer dated April 16, 2024, which Defendant accepted but the Court rejected pursuant to Federal Rule of Criminal Procedure 11(c)(3)(A).

Peter Charles Horstmann, Esq.
Attorney for Defendant

Date: 4/26/24

# ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CRAIG MEDOFF,<br><br>Defendant. | Crim. No. 24-10048-MLW |

### DECLARATION OF DEFENDANT CRAIG MEDOFF

Defendant submits the following Declaration and agrees that the Declaration will be admissible against Defendant in any prosecution of 18 U.S.C. § 401, as charged in the Court's order of February 12, 2024 (Dkt. 1), in the event that Defendant moves to withdraw Defendant's guilty plea or otherwise breaches the Plea Agreement dated April 26, 2024.

I, Craig Medoff, declare under penalty of perjury that the following is true and accurate:

1. I consented to the May 25, 2016 Final Judgment ("2016 Final Judgement") in *Securities and Exchange Commission v. Biochemics, Inc., et al.*, Civ. No. 12-12324.

2. The 2016 Final Judgment was a clear and reasonably specific lawful order.

3. I knowingly and willfully violated paragraph V of the 2016 Final Judgment by participating and engaging in the offer and sale of securities by my conduct related to Nova Capital International LLC.

4. I committed the crime of 18 U.S.C. § 401, as charged in the Court's order of February 12, 2024 (Dkt. 1), and I am guilty of that crime.

Date: April 26, 2024

*Craig Medoff*
Craig Medoff
Defendant