UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. No. 24-10048-MLW |
| | ) |
| CRAIG MEDOFF, | ) |
| Defendant. | ) |

ORDER

WOLF, D.J.                                    April 30, 2024

For the reasons stated in court at the April 29, 2024 hearing, it is hereby ORDERED that:

1. The parties' Joint Motion for Leave to File a Motion for a Rule 11 Hearing (Dkt. No. 69) is ALLOWED.

2. The parties' Joint Motion for a Rule 11 Hearing (Dkt. No. 73) is DENIED.

3. Defendant Craig Medoff shall, by 4:00 p.m. on May 2, 2024, report whether he intends to proceed to trial or whether he wishes to change his plea.

4. The government shall, by May 3, 2024, submit a revised witness list and identify the exhibits it proposes to introduce through each witness.

5. Medoff shall, by May 3, 2024, file a memorandum addressing the bases under the Federal Rules of Evidence, including relevance, for admitting his two proposed exhibits. He shall also identify any witness(es) through whom he proposes to introduce those documents. The government shall respond by May 8, 2024. No reply shall be filed

without leave of court.

6. The government shall, by May 7, 2024, file the summaries it proposes to introduce as exhibits or use as "chalks" in its case-in-chief. Medoff shall, by May 10, 2024, state whether he objects to any exhibit and, if so, briefly state the reason(s) for the objection(s). The government shall respond to any objections by May 14, 2024.

7. Medoff shall, by May 8, 2024, file any objections to the government's exhibits and briefly state the reason(s) for each.

8. The parties shall, by May 10, 2024, and earlier if possible, file a stipulation of any facts that they agree are not in dispute, signed by Medoff, his counsel, and counsel for the government.

9. Medoff's pretrial conditions of release are MODIFIED to add the following conditions:

   (a) Medoff shall not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. §802 unless prescribed by a licensed medical provider.

   (b) Medoff shall submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Medoff must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

  (c) Medoff shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

10. A separate order shall be issued concerning the additional condition of release, which the court ordered at the April 29, 2024 hearing, requiring bi-weekly reporting of Medoff's income, revenue, expenses, and other financial information.

11. Medoff shall attend all hearings and other court events, including trial.

12. The parties shall order a transcript of the April 29, 2024 hearing.

              /s/ Mark L. Wolf
              UNITED STATES DISTRICT COURT