UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.                      ) | CR. No. 24-10048-MLW |
| ) | |
| CRAIG MEDOFF,           ) | |
| Defendant.         ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                              May 10, 2024

I.   BACKGROUND

In this case defendant Craig Medoff is charged with criminal contempt for knowingly and willfully violating a 2016 injunction prohibiting him from participating in the offer or sale of securities for ten years. See Dkt. No. 1. On April 18, 2024, Medoff filed a motion to dismiss or suppress statements that he made in connection with the Securities and Exchange Commission's ("SEC") motion to show cause why he should not be held in civil contempt. See Dkt. No. 57. Medoff claimed that those statements were induced by comments made by the court, and that due process and the doctrine of promissory estoppel require dismissal of this case or, if it is not dismissed, suppression of the statements. See id. at 1.

On April 23, 2024, the court denied Medoff's motion to dismiss or suppress. See Dkt. No. 62 at 3-14.[1] Throughout the proceedings related to the SEC's civil contempt motion, the court repeatedly informed Medoff that, although it was granting him time to cooperate with the SEC and try to resolve its motion for civil contempt, the court was still seriously considering instituting criminal contempt proceedings. See id. at 7-10. In addition, the court noted that Medoff had failed to submit an affidavit in support of his motion, as required by Local Rule 7.1(b)(1), and had conceded that he could not establish one of the elements of promissory estoppel. See id. at 5-6, 11. For these reasons, among others, the court determined that "no reasonable factfinder could conclude that the court should have expected that Medoff would be misled to his detriment." Id. at 12. The court, therefore, held that Medoff's promissory estoppel claim was not meritorious and denied his motion to dismiss or suppress. See id. at 11-12.

On April 25, 2024, pursuant to the court's April 23, 2024 Order, Medoff's counsel Peter Horstmann provided the Deputy Clerk two proposed trial exhibits--transcript excerpts of statements made by the court during hearings on the SEC's motion for civil contempt. The court inquired into the relevance of Medoff's

---

[1] The April 23, 2024 Memorandum and Order explaining the reasons for denying the motion to dismiss or suppress is attached hereto as Exhibit 1.

2

proposed exhibits at a hearing held on April 29, 2024. See Apr. 29, 2024 Hr'g Tr. at 18-20 (Dkt. No. 92). Mr. Horstmann responded that he intends to raise a promissory estoppel defense at trial and argued that his exhibits were relevant to it. See id. at 18-19. Mr. Horstmann also contended that his proposed defense raised an issue for the jury, rather than the court, to decide. See id. at 19.

The court noted that, despite Mr. Horstmann's stated intent to present a promissory estoppel defense at trial, he had failed to file--by April 16, 2024, as previously ordered, see Dkt. No. 44 ¶3--a proposed jury instruction concerning his promissory estoppel defense, or any other proposed instruction specific to the charge in this case. See Apr. 29, 2024 Hr'g Tr. at 19. Therefore, the court ordered Mr. Horstmann to file a proposed promissory estoppel jury instruction, accompanied by a memorandum identifying the evidentiary basis for admitting his proposed exhibits and the witnesses through whom he planned to introduce them. See id. at 19-20; Dkt. No. 75 ¶5.

On May 3, 2024, Medoff filed a proposed promissory estoppel jury instruction accompanied by a memorandum of law. See Dkt. No. 81. He has not identified any witnesses through whose testimony the proposed exhibits would be introduced. Medoff proposes that the court give the promissory estoppel instruction used by the Massachusetts Superior Court in civil contract cases. See id. at

3

4. He also contends that his proposed exhibits are admissible under Federal Rule of Criminal Procedure 27, which provides for the means of proving official records that are otherwise admissible. See id. at 5; Fed. R. Crim. P. 27 & advisory committee note (incorporating Federal Rule of Civil Procedure 44); Fed. R. Civ. P. 44 (providing means for proving official records).

On May 6, 2024, the government reported that it "does not intend to introduce as part of its case-in-chief at trial any statements made by the defendant or documents provided by the defendant in connection with the civil contempt proceedings." Dkt. No. 82 at 1. Therefore, the government stated that "the issues raised in the defendant's memorandum are moot." Id.

For the reasons explained in this Memorandum, the court finds that Medoff's proposed exhibits are inadmissible and that there is not a proper basis for giving his proposed jury instruction.

II. DISCUSSION

Medoff asks that the court give the jury an instruction based on Massachusetts contract law concerning promissory estoppel. See Dkt. No. 81 at 4. He cites a Massachusetts Superior Court civil jury instruction for the elements of estoppel:

> To make out a claim for promissory estoppel, one must prove that "(1) [Defendant] made a representation [to Plaintiff] intended to induce reliance on the part of [Plaintiff]; (2) an act or omission by [Plaintiff] in reasonable reliance on the representation; and (3) detriment [on the part of Plaintiff] as a consequence of the act or omission." Anzalone

4

v. Admin. Office of the Trial Court, 457 Mass. 647, 661 (2010) (citations omitted).

Id. at 4 (alterations in original) (quoting Mass. Super. Ct., Civil Instructions: Contract Claims 6 n.12 (Mar. 1, 2021), https://www.mass.gov/doc/superior-court-model-civil-jury-instructions-contract-claims-pdf/download).[2]

In his memorandum in support of his proposed jury instruction, Medoff does not cite a single federal or state case supporting the contention that a jury should decide the issue of promissory estoppel in a criminal case. In this case, Medoff's proposed promissory estoppel defense raises an issue of law and there are no material facts concerning it that a jury could properly be asked to decide.

In his unmeritorious motion to dismiss or suppress based on promissory estoppel, Medoff characterized his claim as being made "pursuant to the due process clause of the Fifth Amendment." Dkt. No. 57 at 1. As the First Circuit has written, a "due process claim is for the court not the jury." United States v. Bradley, 820 F.2d 3, 7 n.5 (1st Cir. 1987) (citing United States v. Johnson, 565 F.2d 179, 182 (1st Cir. 1977)). In Johnson--where the First Circuit considered a defendant's request for a novel due process-based

---

[2] This iteration of the elements for proving promissory estoppel is the same as the standard in Sullivan v. Chief Just. for Admin. & Mgmt. of Trial Ct., 858 N.E.2d 699, 711 (Mass. 2006), which the court employed in denying Medoff's motion to dismiss or suppress. See Dkt. No. 62 at 4, 11-12.

fundamental fairness jury instruction--the court stated that "[t]here is no support . . . for placing the question of fundamental fairness before the jury." Johnson, 565 F.2d at 181. The court explained, "[t]he jury is not equipped and should not be permitted to speculate on whether particular facts do or do not amount to fundamental fairness." Id. at 182. Therefore, the First Circuit held that "the [district] court properly rejected the proposed instruction." Id. at 182. Similarly, the First Circuit subsequently held that "[o]utrageous government conduct"--another due process-based claim--"is an issue of law and it is the province of the district court – and not the jury – to rule on a defendant's motion to dismiss on that ground." United States v. Luisi, 482 F.3d 43, 58 (1st Cir. 2007) (citing Bradley, 820 F.2d at 7 n.5).[3]

It was proper for this court to decide before trial the due process-based promissory estoppel claim raised in Medoff's motion to dismiss or suppress. The issue was a question of law. Federal Rule of Criminal Procedure 12(b)(3) requires that criminal

---

[3] The two cases Medoff relied on in his motion to dismiss or suppress are consistent with the conclusion that promissory estoppel is not in a criminal case an issue for the jury. In United States v. Enciso-Montero, the Ninth Circuit affirmed the denial of a defendant's motion to dismiss based on a claim that the government should have been equitably estopped from prosecuting him based on an immigration judge's statements. 1991 WL 66279, at *1 (9th Cir. Apr. 30, 1991). Similarly, in Pirela v. Horn, the Third Circuit denied a 28 U.S.C. §2254 petitioner claiming that a state judge's comments improperly induced him to waive his right to a jury trial. 710 Fed. App'x 66, 75-78 (3rd Cir. 2017). In neither case was the promissory estoppel issue presented to a jury.

6

defendants raise defenses in a pretrial motion if the motion can be decided without a trial on the merits. In this case, the evidence of whether the court improperly induced Medoff to make his statements in the SEC's case for civil contempt is entirely separate from the evidence that will be presented at trial in the government's case-in-chief to prove that Medoff unlawfully violated the 2016 injunction.[4] Therefore, the issue was amenable to being decided on the motion to dismiss or suppress. Moreover, Rule 12(d) states that "[t]he court must decide every pretrial motion before trial unless it finds good cause to defer a ruling." Therefore, the First Circuit has held that a district court must rule pretrial "on any issue entirely segregable from the evidence to be presented at trial." United States v. Barletta, 644 F.2d 50, 57-58 (1st Cir. 1981). This is such a case.

The court also properly denied Medoff's request for a hearing on his motion to dismiss or suppress. As the First Circuit has written, "'district courts are busy places and makework hearings are to be avoided.'" United States v. Panitz, 907 F.2d 1267, 1273 (1st Cir. 1990) (brackets omitted) (quoting United States v. Cannons Engineering Corp., 899 F.2d 69, 94 (1st Cir. 1990)). To obtain a hearing, a defendant must "make a sufficient threshold

---

[4] As indicated earlier, the government has represented that it does not intend to offer any statements made by Medoff in the SEC's civil case at the trial of this criminal case. See Dkt. No. 82.

7

showing that material facts [are] in doubt or dispute." Id. at 1273. When material facts are not in dispute, the court has the discretion to deny a request for an evidentiary hearing. See id. at 1274. Therefore, the court had the discretion to deny what Medoff was evidently seeking--merely oral argument on his motion.

As the court wrote in denying the motion to dismiss or suppress, which included the request for a hearing, Medoff had previously filed what the court deemed a frivolous motion to recuse in order to delay the trial then scheduled to begin on April 22, 2024. See Dkt. No. 62 at 13. Indeed, Mr. Horstmann acknowledged that motion was "maybe" filed for "righteous delay." Id. The court denied the request for a hearing on the promissory estoppel issue, explaining that:

> The Motion and request for a hearing were not filed until April 19, 2024. The court finds that this Motion too is frivolous. There are not material disputed facts that testimony might contribute to resolving. Argument would only consume precious judicial time.

Id. at 14.

Medoff's motion for a promissory estoppel jury instruction might be construed as a motion to reconsider the denial of the motion to dismiss or suppress. There is not, however, a proper basis to do so. The First Circuit has identified three circumstances in which a court may grant a motion to reconsider: "[1] if the moving party presents newly discovered evidence, [2] if there has been an intervening change in the law, or [3] if the

8

movant can demonstrate that the original decision as based on a manifest error of law or was clearly unjust." United States v. Cintron, 724 F.3d 32, 36 n. 5 (1st Cir. 2013) (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)). A court should not grant a motion to reconsider when the evidence offered in the motion to reconsider was available to the movant "at the time the original motion was filed." Allen, 573 F.3d at 54. The only new evidence offered in support of Medoff's request for a promissory estoppel instruction is Medoff's affidavit. Medoff could have, and, as required by Local Rule 7.1(b) should have, submitted this affidavit when he filed his motion to dismiss or suppress, but he did not. There has not been a change in the law, and the denial of the motion to dismiss or suppress was neither erroneous nor unjust. Therefore, Medoff has not established a basis for the court to reconsider its denial of his motion.

However, in the interest of completeness and to assist the First Circuit if the defendant is convicted and it considers this matter on appeal, the court adds the following. Medoff has filed an affidavit in support of his request for a jury instruction concerning promissory estoppel consistent with Massachusetts contract law. As indicated earlier, Medoff correctly notes that under Massachusetts law:

> To make out a claim for promissory estoppel, one must prove that "(1) [Defendant] made a representation [to Plaintiff] intended to induce reliance on the part of [Plaintiff]; (2)

9

> an act or omission by [Plaintiff] in <u>reasonable</u> reliance on the representation; and (3) <u>detriment</u> [on the part of Plaintiff] as a consequence of the act or omission." <u>Anzalone v. Admin. Office of the Trial Court</u>, 457 Mass. 647, 661 (2010) (citations omitted).

Dkt. No. 81 at 4 (bracketed alterations in original) (emphasis added).

In his affidavit, Medoff states that "the following statements of the district court induced me to cooperate with the SEC, sit for a deposition and submit an affidavit." Dkt. No. 81-1 ¶1. Medoff then excerpts a few of the many statements that the court made regarding its willingness to allow Medoff and the SEC to try to resolve the SEC's motion for civil contempt, despite its belief that it appeared to be appropriate to institute criminal contempt proceedings. Medoff also states that he "relied on the Court's invitation and involuntarily waived 5th Amendment rights by sitting for a deposition and signing an affidavit." <u>Id.</u> ¶2. This affidavit does not put facts material to the motion to dismiss or suppress in dispute and, therefore, does not alter the court's determination that a hearing on the motion to dismiss or suppress was not necessary.

Medoff does not explicitly allege that the court <u>intended</u> to induce him to cooperate with the SEC in the civil contempt case. If Medoff is suggesting that the court intentionally induced him to cooperate, that claim is inconsistent with what he wrote in the memorandum supporting his motion to dismiss or suppress. There,

10

Medoff wrote that "the district court apparently did not intend to induce reliance as a pathway for avoiding criminal contempt." Dkt. No. 57 at 5. If this possible inconsistency existed before the motion to dismiss or suppress had been decided and was material, the court would have conducted an evidentiary hearing at which Medoff would have been required to testify or have his affidavit struck. See United States v. Baskin, 424 F.3d 1, 3 (1st Cir. 2005). However, it is not material.

For the reasons described in detail in the Memorandum denying the motion to dismiss or suppress, when viewed in the context of all of the court's written and oral statements in the SEC's case seeking an order of civil contempt, a factfinder could not conclude that any actual reliance by Medoff was reasonable. See Dkt. No. 62 at 6-12.

In addition, even if the court intended to induce Medoff to make the statements at issue and Medoff reasonably relied on the court's comments in making these statements, he has not and will not suffer any detriment because the government does not intend to offer any of the statements at issue in its case-in-chief. See Dkt. No. 82. Therefore, the motion to dismiss or suppress would have been properly denied without a hearing even if Medoff had presented his affidavit in support of it.

There would also be another deficiency in Medoff's request for a promissory estoppel jury instruction if that question was

11

within the province of the jury. " A criminal defendant is entitled to a jury instruction on any theory providing a legal defense to the charge against him, assuming there is evidence in the record supporting it." United States v. Silvestri, 790 F.2d 186, 192 (1st Cir. 1986). Even assuming, without suggesting, that promissory estoppel could be a defense at trial rather than an issue of law for the court, it has been repeatedly represented that Medoff does not intend to testify at trial. More specifically, at the April 29, 2024 hearing Mr. Horstmann stated that Medoff "is not likely to testify" at trial. Apr. 29, 2024 Hr'g Tr. 18:2-9. On May 7, 2024, Mr. Horstmann reported that "he does not presently intend to call any witnesses at trial." Dkt. No. 87. Absent testimony by Medoff, subject to cross-examination, on the elements of promissory estoppel, the two transcripts Medoff's proposes to introduce into evidence would be inadmissible for several reasons if the issue was one to be decided by the jury.

Medoff argues that his proposed exhibits "are admissible under Rule 27 as official court records." Dkt. No. 81 at 5. He is incorrect. Federal Rule of Criminal Procedure 27 ("Rule 27") relates to the means of proving an official record; it does not relate to the admissibility of an official record. See Fed. R. Crim. P. 27. Indeed, Federal Rule of Civil Procedure 44, which Rule 27 incorporates into the Federal Rules of Criminal Procedure, provides for the means of proving official records "that [are]

12

otherwise admissible." Fed. R. Civ. P. 44(a)(1) (emphasis added). Neither Rule 27 nor Federal Rule of Civil Procedure 44 provide for an independent basis to admit an official record. See United States v. Verville, 355 F.2d 527, 530 n.5 (7th Cir. 1965). Medoff has not identified any other basis--or cited to any Federal Rule of Evidence--for admitting his proposed exhibits.

Moreover, as explained earlier, because the issue of whether conduct violates a defendant's right to due process is to be decided by the court, and because there are not relevant facts in dispute that require an evidentiary hearing or resolution at trial, the documents are irrelevant to anything the jury can be properly asked to decide. See Fed. R. Evid. 401(b) ("Evidence is relevant if . . . the fact is of consequence in determining the action.").

III. ORDER

In view of the foregoing, Medoff's request for a promissory estoppel jury instruction and the introduction of related exhibits is hereby DENIED.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE