UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
                                  )
          v.                      )        CR. No. 24-10048-MLW
                                  )
CRAIG MEDOFF,                     )
     Defendant.                   )

MEMORANDUM AND ORDER

WOLF, D.J.                                          July 21, 2025

I. SUMMARY

     Defendant Craig Medoff has filed a Motion for Court Appointed

& Paid For Criminal Defense Counsel to challenge "most if not all"

of the 12 Special Conditions of his Supervised Release. Dkt. No. 194

(the "Motion"). For the reasons explained in this this Memorandum,

Medoff is not now eligible for the appointment of counsel.

Therefore, the Motion is being denied without prejudice.

II. PROCEDURAL HISTORY

     In February 2024, the court charged Medoff with criminal

contempt of a 2016 order issued in Securities & Exchange Commission

v. Biochemics, Inc., et al., Civ. No. 12-12324 (the "Biochemics"

case) prohibiting him from engaging in the offering or sale of

securities. On May 16, 2024, Medoff pled guilty to that charge. He

was released pending sentencing on certain conditions. On June 3,

2024, Medoff's release was revoked because it was proven that he had violated the condition prohibiting him from using drugs while awaiting sentencing.

At a more than three-hour sentencing hearing, on August 7, 2024, Medoff was sentenced to serve 20 months in the custody of the Attorney General. He was also ordered to serve three years of Supervised Release on the Standard and Mandatory Conditions and the 12 Special Conditions recommended by Probation in his Presentence Report ("PSR"). See July 31, 2024 PSR at 36-37. Medoff did not object to any of the conditions of Supervised Release that were imposed. See Aug. 7, 2024 Tr. (Dkt. No. 183) at 59-61.

Medoff appealed his sentence. The First Circuit appointed counsel to represent him in that appeal, which remains pending. The First Circuit also denied Medoff's motion to be released pending appeal.

On June 30, 2025, Medoff filed in the First Circuit a pro se Motion for a Temporary Restraining Order on an Expedited Basis, requesting a suspension of his 12 Special Conditions of Supervised Release until the First Circuit decides his appeal. See First Circuit No. 24-1750, Document 00118306809. Medoff appended to this motion a copy of the Special Conditions of Supervision on which he wrote his objections to almost all of them which is attached hereto

as Exhibit 1. The government opposed the motion in part because Medoff had not contested the terms of his Supervised Release in his original briefing and because he was represented by counsel and, therefore, was not entitled to make submissions pro se. On July 3, 2025, the First Circuit denied Medoff's motion without prejudice because it was not filed by his counsel.

Medoff was released from custody on July 3, 2025. On July 11, 2025, Medoff filed, pro se, the Motion requesting appointment of Criminal Justice Act ("CJA") counsel to challenge "most if not all" of his 12 Special Conditions of Supervised Release. He did not file the Financial Affidavit required to establish eligibility for the appointment of CJA counsel attached hereto as Exhibit 2.

III. DISCUSSION

There is not now pending a matter for which CJA counsel could be appointed. However, as indicated earlier, Medoff states that the purpose of the Motion is to obtain counsel to challenge most if not all of the 12 Special Conditions of his Supervised Release. If a motion seeking such relief is filed, Medoff will not be entitled to a hearing or appointment of counsel under Federal Rule of Criminal Procedure 32.1 because he will be seeking a modification of those conditions favorable to him that would not extend the term of his Supervised Release. See Fed. R. Crim. P. 32.1(c)(2)(B).

Medoff also will not be eligible for appointment of counsel in connection with a motion challenging his Special Conditions of Supervised Release under the District Court's CJA Plan, attached hereto as Exhibit 3, because he has not been charged with a violation of Supervised Release and does not face a modification of those conditions. See General Order 21-11 (Effective August 2, 2021) Plan for Implementing the Criminal Justice Act of 1964 as Amended 18 U.S.C. §3006A, §1(f). No possible exception to this provision of the CJA Plan applies. See id. at §2.

In addition, as indicated earlier, Medoff has not filed the required affidavit seeking to establish that he is financially unable to obtain adequate representation for any matter which the Federal Rules of Criminal Procedure and the District Court's CJA Plan authorize appointment of counsel. See Ex. 2.

If in the future, there is a pending matter for which appointment of CJA counsel might be permissible, Medoff must file the required affidavit and provide related information that the court has previously ordered concerning his income, "loans," and the amount he has received from the trust that held more than $900,000 for Medoff's benefit and provided funding for Medoff to retain private counsel in the Biochemics case when the Securities and Exchange Commission moved for an order of civil contempt. See

4

Apr. 30, 2024 Mem. & Order (Dkt. No. 76, ¶¶ 1-3, unsealed in connection with Medoff's sentencing (see Dkt. No. 167)).[1]

For the foregoing reasons, Medoff is not now entitled to the appointment of CJA counsel.[2] Therefore, the court suggests that Medoff discuss his proposed modifications of his Special Conditions with his Probation Officer(s) as is customary. The court will consider any modifications Probation recommends or any requested in a motion by or on behalf of Medoff. However, with regard to Special Condition 1 concerning employment, Probation is hereby informed, and Medoff is hereby reminded, that on April 18, 2025, in the Biochemics case, Medoff was "enjoined for a period of ten years from the date of [the] order from participating in the issuance, offer, or sale of any security; provided, however, nothing shall prevent Medoff from purchasing or selling securities for his own account." See Civ. No. 12-12324, Apr. 18, 2025 Mem. & Order (Dkt. No. 820), at 10 ¶4.

---

[1] If Medoff renews his request for CJA counsel the court may inquire concerning whether he has asked the Trustee to provide funding for Medoff to retain counsel to challenge the Special Conditions of his Supervised Release.

[2] Due to budgetary constraints, all payments to CJA counsel are now suspended until at least October 2025. Therefore, it would be particularly inappropriate for the court to exceed its authority and appoint CJA counsel to represent Medoff while it is uncertain whether or when counsel would be paid for doing so.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The Motion (Dkt. No. 194) is DENIED without prejudice.

2. If the Motion is renewed Medoff shall file an accurate and complete Financial Affidavit (Exhibit 2 hereto), and an affidavit that includes updated information required by the April 30, 2024 Memorandum and Order (Dkt. No. 76), ¶¶ 1-3.


UNITED STATES DISTRICT JUDGE